O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | Case No. 2:15-cv-07222 (VEB) |
| GAYLE Y DRAPER, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**I. INTRODUCTION**

In May of 2012, Plaintiff Gayle Y. Draper applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Martin Taller, APC, Troy D. Monge, Esq., of counsel, commenced this action seeking judicial review of

1  the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383

2  (c)(3).

3      The parties consented to the jurisdiction of a United States Magistrate Judge.

4  (Docket No. 7, 11, 21, 22). On May 31, 2016, this case was referred to the

5  undersigned pursuant to General Order 05-07. (Docket No. 20).

6

7                        **II. BACKGROUND**

8      Plaintiff applied for SSI benefits and Disability Insurance Benefits on May 14,

9  2012, alleging disability beginning September 17, 2008, due to various impairments.

10  (T at 138-44, 145-53, 154-57).[1]  The applications were denied initially and on

11  reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge

12  ("ALJ").

13      On February 13, 2014, a hearing was held before ALJ Sharilyn Hopson. (T at

14  34).  Plaintiff appeared with her attorney and testified. (T at 37-48).  The ALJ also

15  received testimony from Alan Boroskin, a vocational expert (T at 49-54).

16      On March 3, 2014, the ALJ issued a written decision denying the applications

17  for benefits.  (T at 16-31).  The ALJ's decision became the Commissioner's final

18

19  [1] Citations to ("T") refer to the administrative record at Docket No. 16.

20

decision on August 17, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On September 14, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on March 17, 2016. (Docket No. 15). The parties filed a Joint Stipulation on May 23, 2016. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.      Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 17, 2008, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2012. (T at 21).  The ALJ found that Plaintiff's degenerative disc disease with disk bulges and spondylosis, status/post coccygectomy,[2] left carpal tunnel syndrome, and status/post

---

[2] A coccygectomy is a surgical procedure in which the tailbone is removed.

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

bladder lift with transdermal mesh were "severe" impairments under the Act. (Tr. 21).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk/sit for six hours out of an 8-hour workday; climb stairs; frequently climb ladders, ropes, and scaffolds; frequently perform bending, stooping, kneeling, crouching, and crawling; frequently perform fine and gross manipulation with the left hand. (T at 23).

The ALJ found that Plaintiff could perform her past relevant work as a hostess/waitress and housekeeper. (T at 26).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between September 17, 2008 (the alleged onset date) and March 3, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 27). As noted above, the ALJ's decision became the Commissioner's

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she argues that the ALJ did not properly assess the medical opinion evidence.   Second, she challenges the ALJ's credibility determination.   Third, she argues that the ALJ did not properly consider lay witness evidence.    This Court will address each argument in turn.


## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining  physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

1    that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

2    1035, 1043 (9th Cir. 1995).

3        The courts have recognized several types of evidence that may constitute a

4    specific, legitimate reason for discounting a treating or examining physician's

5    medical opinion.  For example, an opinion may be discounted if it is contradicted by

6    the medical evidence, inconsistent with a conservative treatment history, and/or is

7    based primarily upon the claimant's subjective complaints, as opposed to clinical

8    findings and objective observations. *See Flaten v. Secretary of Health and Human*

9    *Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

10       An ALJ satisfies the "substantial evidence" requirement by "setting out a

11   detailed and thorough summary of the facts and conflicting clinical evidence, stating

12   his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

13   1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

14   "The ALJ must do more than state conclusions. He must set forth his own

15   interpretations and explain why they, rather than the doctors', are correct." *Id*.

16       In December of 2013, Dr. Zuniga[3] completed a medical assessment of ability

17   to do work-related activities.  Dr. Zuniga opined that Plaintiff was limited to

18   lifting/carrying 10 pounds, citing an MRI of Plaintiff's lumbar spine as the basis for

19   _____
     [3] Dr. Zuniga's first name is not legible.

20

this conclusion.  Dr. Zuniga assessed that Plaintiff could sit for 4 hours in an 8-hour workday and stand/walk for 4 hours in an 8-hour workday. (T at 481).  Dr. Zuniga reported that Plaintiff was limited to frequent simple grasping, fine manipulation, and reaching with her right hand and occasional simple grasping, fine manipulation, and reaching with her left hand. (T at 481).

The MRI referenced by Dr. Zuniga was performed in November of 2013.  The MRI showed L4-L5 with severe facet hypertrophy and central disc protrusion and impingement on the dural sac centrally with displacement of nerve roots, but with no compression or impingement.  The neural canals, while mildly narrowed, did not have nerve root impingement.  L5-S1 showed degenerative disc disease, but without nerve root impingement. (T at 471-72).

The ALJ addressed Dr. Zuniga's opinion very briefly, deciding not to "give significant weight" to the opinion because it was "not consistent with the record as a whole, including [Plaintiff's] minimal, conservative treatment history and … self-reported activities." (T at 25).

This Court finds the ALJ's analysis conclusory and insufficient.  Critically, Dr. Zuniga was the only physician to consider the November 2013 MRI.  The ALJ

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

1    gave "some weight" to the opinion of Dr. Haleh Safavi, a consultative examiner,[4]

2    but that opinion was rendered in October 2012 (T at 429-433), and thus did not

3    incorporate the MRI findings.

4          The ALJ found that Dr. Zuniga's opinion was inconsistent with Plaintiff's

5    "minimal, conservative treatment history." (T at 25).  However, it is not clear what

6    more aggressive treatment the ALJ would have expected.  *See Perez v. Colvin*, No

7    EDCV 14-2626, 2016 U.S. Dist. LEXIS 44230, at *17 (C.D. Cal. Mar. 31,

8    2016)("The ALJ cannot fault Plaintiff for failing to pursue nonconservative

9    treatment options if none existed.")(citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x

10   662, 664 (9th Cir. 2010)).

11         Moreover, the record indicated that Plaintiff was homeless for a significant

12   period of time. (T at 41).  Before citing "minimal" medical treatment as a rationale

13   for discounting Dr. Zuniga's assessment, the ALJ should have considered the

14   potential impact of Plaintiff's living conditions on her ability to consistently access

15   medical care.  In addition, Plaintiff testified that she was reluctant to undergo

16   surgery because of complications from past surgical procedures (T at 47-48), which

17   provides another alternative explanation for the lack of more aggressive treatment.

18   _____
     [4] Dr. Safavi opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently;
19   walk/stand for 6 hours in an 8-hour day, sit without restrictions, and had no fine or gross
     manipulation limitations with regard to her hands. (T at 433).

20

A remand is required because it is not clear whether the ALJ considered these possible explanations.

The Commissioner defends the ALJ's decision by, *inter alia*, arguing that Dr. Zuniga was not a treating source.  The Commissioner notes that (1) the treating relationship between Plaintiff and Dr. Zuniga is unclear (and may, in fact, have been limited to the completion of the assessment form in December 2013), (2) we do not even know Dr. Zuniga's name, and (3) it is not clear whether Dr. Zuniga even performed an examination before rendering the opinion.

However, to the extent there was (or is) any ambiguity about the nature of Dr. Zuniga's relationship with Plaintiff, that ambiguity should have been addressed through further development of the record.  *See* 20 C.F.R. § 404.1512(e)(1); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.").

Moreover, the ALJ cited the treating source opinion standard when discussing Dr. Zuniga's opinion and there is no indication, explicit or implicit, that the ALJ discounted the opinion based upon the alleged lack of a treating relationship. (T at 25).  The Commissioner cannot now advance this *post-hoc* rationale.  *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009)("Long-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The ALJ also cited apparent inconsistencies between Plaintiff's self-reported activities of daily living and Dr. Zuniga's opinion as a reason for discounting the opinion. (T at 25). In particular, the ALJ noted Plaintiff's self-reported efforts to seek employment. (T at 24). However, Plaintiff testified that she was homeless and sleeping on couches of various acquaintances. (T at 41, 170, 371). Moreover, she explained that she had difficulty finding employment because of her limitations with lifting. (T at 40).

In light of the foregoing, the ALJ was obliged to consider whether Plaintiff's (unsuccessful) efforts to seek employment were more probative of the desperate nature of her finances and less probative relative to the nature and extent of her physical limitations. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007)("Under these circumstances, it is at least as likely that the claimant tried to work in spite of his symptoms, not because they were less severe than alleged."). Moreover, it is not clear what sort of employment Plaintiff sought (*i.e.* sedentary vs. light work; part-time vs. full-time). To the extent Plaintiff sought sedentary, part-time work, such activity would not necessarily be inconsistent with the limitations

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

she alleged or the limitations assessed by Dr. Zuniga.  There is no indication that the ALJ accounted for this possibility.

In sum, the ALJ clearly recognized the significance of the most recent MRI scan and, indeed, relied on the results to explain why she was not accepting fully the relatively mild limitations assessed by Dr. Safavi (the consultative examiner). (T at 25).  However, this recognition should have led to more careful consideration of Dr. Zuniga's opinion, as he was the only physician to account for the MRI results in assessing Plaintiff's work-related limitations.  In addition, the ALJ's decision to discount Dr. Zuniga's assessment based on Plaintiff's self-reported activities, including her efforts to seek employment, was flawed for the reasons outlined above. As such, the ALJ's decision to discount Dr. Zuniga's opinion cannot be sustained and a remand is required.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She stopped working in 2007, except for a one-day work attempt in 2011. (T at 37). Her primary occupation when she worked was in housekeeping. (T at 38). She also worked as a waitress. (T at 38-40). She cannot work as a waitress anymore because of problems with repetitive bending, lifting heavy objects, and sitting/standing for prolonged periods. (T at 40). She cannot work as a housekeeper because she cannot lift more than 10 pounds, which prevents her from lifting or moving a vacuum. (T at 40).

She has applied for jobs in the past two years. (T at 40). She applied at convenience stores, but stated that those jobs require lifting up to 50 pounds. (T at

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

40).  She does not have a permanent residence.  She "couch surf[s]" by staying with friends. (T at 41).  She has a driver's license, but has not owned a car since 1994 and "walk[s] everywhere." (T at 41).  She used public transportation to get to the hearing. (T at 42).  She used cocaine in the past, but has not used since 2006. (T at 42-43).  She smokes marijuana once every few weeks. (T at 43).

She is a high school graduate. (T at 44).  She does not believe she can consistently perform work because of pain in her neck, back, abdomen, tailbone, and legs. (T at 44-45).  Her back pain varies from dull to burning and radiates down her legs. (T at 45).  She has muscle spasms and leg cramps. (T at 45).  She cannot sit for extended periods. (T at 45).  She sometimes has "good" days. (T at 45).  Standing is better than sitting and believes she could stand/walk for about 3 hours in an 8-hour day. (T at 46).

She has difficulty grasping with her left hand. (T at 46).  Surgery has been recommended for carpal tunnel, but she is reluctant to pursue that because of complications with prior surgeries. (T at 47).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 24).

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

1    For the following reasons, this Court finds the ALJ's credibility assessment

2 flawed.   First, the ALJ noted that Plaintiff had attempted to seek employment.

3 While noting that this was not "dispositive," the ALJ nevertheless found that it was

4 "inconsistent with [Plaintiff's] allegations of disabling symptoms and functional

5 limitations." (T at 24).   However, as discussed above, it is not clear that the ALJ

6 gave sufficient consideration to the fact that Plaintiff's employment seeking

7 appeared to be rather sporadic and more likely motivated by extreme financial

8 distress (including homelessness), rather than indicative of a genuine belief on

9 Plaintiff's part that she could work (let alone perform full-time "light work"

10 consistent with the ALJ's RFC determination) despite her impairments.

11    Second, the ALJ found Plaintiff's testimony unsupported by the objective

12 medical evidence. (T at 24).   However, Plaintiff's testimony was consistent with the

13 opinion of Dr. Zuniga, which the ALJ did not adequately address for the reasons

14 outlined above.

15    Third, although not explicitly cited in the credibility portion of the decision,

16 the ALJ also referenced the fact that Plaintiff made an inconsistent statement

17 regarding her work abilities.   In particular, although she testified at the hearing that

18 she could not lift more than 10 pounds, she completed a disability report indicating

19 that she could lift 25 pounds. (T at 24).   The ALJ did note, however, that Plaintiff's

20

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

"remaining statements of record [were] essentially consistent with her testimony." (T at 24).  With regard to the 25-10 pound lifting limitation inconsistency, Plaintiff notes that the former statement was made in 2012 and the latter in 2014 (at the administrative hearing).  She contends that it represented a decline in her condition. The ALJ did not ask Plaintiff to address the inconsistency during her hearing testimony and there is no indication that she considered this possibility when evaluating Plaintiff's credibility.  Moreover, the 10-pound lifting limitation is consistent with Dr. Zuniga's assessment, which supports Plaintiff's credibility on this point.

For the foregoing reasons, this Court finds the ALJ's credibility analysis flawed and this issue should be revisited on remand.

**C.    Lay Testimony**

Evidence from a lay witness "provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In July of 2012, a friend of Plaintiff, identified as "Lawrence," completed a third party function report.  He explained that he had known Plaintiff for 2 years.  (T at 187).  He reported that Plaintiff has difficulty sleeping, but no problems with

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

personal care. (T at 188).  Plaintiff needs reminders to change her clothes and take her medication.  (T at 189).  Plaintiff prepares her own meals and does light housework, but these activities take a long time and she cannot bend or lift. (T at 189).  She cannot walk distances without needing to rest. (T at 191).  Plaintiff has a short temper and appears withdrawn. (T at 192).  She has a short attention span and difficulty with following instructions. (T at 192).

In January of 2014, Dean Hayward, another friend, wrote a letter in support of Plaintiff's applications for benefits.  Mr. Haywood explained that he had observed Plaintiff with back pain and said that she was unable to stand or sit for any length of time.  Mr. Haywood stated that Plaintiff was not able to work because of lifting limitations, tailbone pain, and worry about urinary incontinence (related to an unsuccessful transdermal mesh surgery). (T at 483).

The ALJ found that these statements "essentially mirror" Plaintiff's subjective allegations and, as such, were discounted for the same reason. (T at 26).  This Court finds the ALJ's credibility analysis flawed for the reasons stated above.  Because the ALJ used the same analysis to evaluate the lay evidence, that evidence should likewise be revisited on remand.

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB

**D.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although the ALJ did not provide legally sufficient reasons for discounting Dr. Zuniga's opinion, there is ambiguity about the nature of the doctor's treating relationship and the basis of the doctor's opinion (i.e. whether it was based solely upon the MRI results or also upon a clinical examination). These gaps are significant because Dr. Zuniga was the only physician to consider the most recent MRI results.  It is also not clear from the record that Plaintiff is disabled.  Although Dr. Safavri did not consider the most recent MRI results, the consultative examiner's opinion was generally supportive of the ALJ's RFC determination.   The Commissioner should have the opportunity to address these ambiguities and develop the record on remand.

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court entered file this Decision and Order, serve copies upon counsel for the parties, enter Judgment in favor of Plaintiff, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

Dated this 25th day of July, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DRAPER v COLVIN 2:15-cv-07222-VEB